UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES ROBERT HOPE,

   Petitioner,

vs.            Case No. 3:17-cv-1461-J-20JRK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

   Respondents.

_____

## ORDER

## I.  INTRODUCTION

  Petitioner James Robert Hope challenges his state court (Putnam County) conviction for failure of a sexual offender to properly register through a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1).   Respondents filed a Response to Petition (Response) (Doc. 16). The Court advised Petitioner and gave him an opportunity to file a reply.   See Order (Doc. 11).   Petitioner filed a Reply (Doc. 21), Memorandum (Doc. 22), Supplemental Exhibits (Doc. 23), and an Amended Sworn Notarized Affidavit (Doc. 27).[1]

---

[1] Respondents filed an Appendix (Doc. 20).   The Court will refer to the Exhibits in the Appendix as "Ex."   Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.   Otherwise, the page number on the document will be referenced.   For the Petition, Response, Reply, Memorandum, Supplemental Exhibits, and Affidavit, the Court references the page numbers assigned by the electronic filing system.

## II.  EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing."  Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017).   To be entitled to an evidentiary hearing, the petitioner must allege "facts that, if true, would entitle him to relief."  Martin v. United States, 949 F.3d 662, 670 (11th Cir. 2020) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)) (citation omitted), cert. denied, 2020 WL 5883300 (U.S. Oct. 5. 2020).   See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

If the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing.   Martin, 949 F.3d at 670 (quotation and citation omitted).   In this case, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).   Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief.   Therefore, the Court finds Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### III.   HABEAS REVIEW

Through his habeas Petition, Petitioner claims he is detained "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3). The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus and "prescribes a deferential framework for evaluating issues previously decided in state court[,]" Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted), petition for cert. filed, (U.S. Nov. 6, 2020), limiting a federal court's authority to award habeas relief.   See 28 U.S.C. § 2254; Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").   The Eleventh Circuit explains:

> [federal courts] are prohibited from granting a state prisoner's habeas corpus petition unless the relevant state court decision on the merits of the petitioner's claim 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'

James v. Warden, Holman Correctional Facility, 957 F.3d 1184, 1190 (11th Cir. 2020) (quoting 28 U.S.C. § 2254(d)(1)-(2)).   This high hurdle is further described:

> A decision is "contrary to" clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d

389 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if the court identifies the correct legal principle but applies it unreasonably to the facts before it. Id. "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 167 L.Ed.2d 836 (2007).

James, 957 F.3d at 1190-91.

A state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)). As such, a federal district court may not supersede a state trial court's determination simply because reasonable minds may disagree about the finding. Id. (quotation and citation omitted).

Of import, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are "governed by the familiar two-part Strickland[v. Washington, 466 U.S. 668 (1984)] standard." Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020). In order for this Petitioner to prevail on a claim of ineffective assistance of trial counsel, he must satisfy the two-pronged Strickland test, requiring he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). Id. (quotation and citation omitted). See Brewster v. Hetzel, 913 F.3d 1042, 1051-52 (11th Cir. 2019) (reviewing court may begin with either component).

## V.   EXHAUSTION AND PROCEDURAL DEFAULT

Respondents assert ground 3 and grounds 5 through 12 are unexhausted and procedurally defaulted as they were not raised in a procedurally correct manner. Response at 11-14. They seek the dismissal of these grounds with prejudice claiming

Petitioner failed to properly exhaust these grounds in the state court system prior to seeking relief in this Court. Id. at 14. Respondents declined to reach the merits of these grounds. Id. at 16.

Upon review of the record before the Court, five grounds should be dismissed as unexhausted and procedurally defaulted: grounds 3, 5, 9, 11, and 12. Although Petitioner raised these grounds in his Rule 3.850 motion, Ex. RR, the circuit court, in denying these grounds, found they could or should have been raised on direct appeal. Ex. TT at 2-4. On November 14, 2017, the Fifth District Court of Appeal (5th DCA) affirmed per curiam. Ex. WW. The mandate issued on January 8, 2018. Ex. ZZ.

"[A] state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution claim in state court, **or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default**." Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) (citations omitted) (emphasis added), cert. denied, 513 U.S. 1061 (1994). The record demonstrates Petitioner did not properly present grounds 3, 5, 9, 11, and 12 to the state courts. Any further attempts to seek post-conviction relief in the state courts on these grounds will be unavailing. As such, he has procedurally defaulted the claims.

As Petitioner is procedurally barred from raising these grounds, at this stage, he must demonstrate cause and prejudice. Upon review, this Court concludes he has failed to show cause and prejudice. He has also failed to show that failure to address

these claims on the merits would result in a fundamental miscarriage of justice. This Court finds this is not an extraordinary case as Petitioner has not made a showing of actual innocence rather than mere legal innocence.

In conclusion, the Court finds grounds 3, 5, 9, 11, and 12 are procedurally defaulted and the fundamental miscarriage of justice exception is inapplicable. Thus, Petitioner is barred from pursuing grounds 3, 5, 9, 11, and 12 in federal court.

## VI.   GROUND ONE

GROUND ONE: Trial court lacked territorial jurisdiction over subject matter.

Petition at 5.

Petitioner asserts the trial court lacked jurisdiction because the alleged violation occurred in another county from another district.   Id.   He claims he exhausted this ground by raising it in his Rule 3.800(a) motion.   Id. at 6.   The record shows Petitioner filed a Rule 3.800(a) motion, asserting the trial court did not have jurisdiction on his judgment and conviction as the violation occurred in Hamilton County as opposed to Putnam County, the county of trial and conviction.   Ex. HH. The trial court denied the Rule 3.800 motion, finding the count from Hamilton County was dismissed prior to the inception of trial, and Petitioner was tried on the remaining count.   Ex. II.   Ultimately, the court said the jury found Petitioner guilty of establishing a temporary address in Putnam County and failing to report.   Id. The 5th DCA affirmed per curiam and the mandate issued on March 13, 2017.   Ex. NN; Ex. QQ.

7

Petitioner raised this same issue in a pro se Motion for Arrest of Judgment. Ex. G.   The trial court denied the motion.   Ex. H.   Petitioner also raised the issue in a "Complaint for Writ of Habeas Corpus."   Ex. AAA at 4.   The trial court construed the complaint to be a Rule 3.800(a) motion.   Ex. BBB.   The court concluded Petitioner raised the same claim as previously raised in his prior Rule 3.800(a) motion, found the petition successive, and denied relief.   Ex. BBB at 1.   On September 5, 2017, the 5th DCA per curiam affirmed.   Ex. EEE.

The 5th DCA's decision affirming the denial of the original Rule 3.800 motion is entitled to AEDPA deference.   The decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts.   Therefore, ground one is due to be denied as AEDPA deference is due and Petitioner is not entitled to habeas relief.

In the alternative, Petitioner is not entitled to habeas relief on this ground as it has no merit.   The record demonstrates the following.   The Amended Information, dated March 18, 2014, charged that Petitioner, on or about October 1st 2012 through June 27th 2013, in Putnam County, "being a sexual offender, did not comply with the requirement of Florida Statute 943.0435 in that he established, maintained a permanent, temporary, or transient residence in Putnam County Florida, and knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles, within 48 hours after any change in his permanent, temporary, or transient residence, contrary to Florida Statute

943.0435(4)(a) and 943.0435(9)."   Ex. II, Appendix C.   The trial took place in Putnam County, Florida.   Ex. B.   The state's theory of the case was that Petitioner took up a temporary residence with his girlfriend, Christal Ross, in Putnam County, and failed to properly report that temporary residence.   Id. at 356-61.

The parties stipulated Petitioner "is a sexual offender."   Id. at 368.   The state presented evidence that the events in question took place in Putnam County, Florida. Ms. Ross testified she lived in Putnam County.   Id. at 371.   She testified when Petitioner visited her home between March and June, he stayed no longer than forty-eight hours at a time.   Id. at 374-75.   Ms. Ross said Petitioner stayed at her house approximately thirty to forty nights during that period.   Id. at 375.   A temporary residence is defined for purposes of registration as a place where the individual abides, lodges, or resides for a period of five or more days in the aggregate during any calendar year.   Id. at 405.

The state presented evidence, through the testimony of the Putnam County Sheriff's Office employee, Kimberly Ann Revers, that Petitioner did not report a temporary address to the Department of Highway Safety and Motor Vehicles (DMV) between June 7, 2013 and June 27, 2013.   Id. at 502.   Also, Ms. Revers testified Petitioner failed to register his temporary residence with the DMV.   Id. at 524. Patricia Treadwell of the Putnam County Tax Collector's Office, who conducts DMV business, testified that the electronic system did not show Petitioner ever registered a temporary address between October 2012 and June 28, 2013.   Id. at 537-38.   Ms.

Revers attested that Petitioner could have added a temporary residence in any DMV office in the state of Florida.   Id. at 538-39.

The state's theory was that Petitioner did not report his temporary residence in Putnam County.   The trial court charged the jury with the following element: "the defendant knowingly failed to report in person to the driver's license office of the [DMV] within 48 hours after establishing the temporary, permanent, or transient residence in Putnam County, Florida."   Id. at 558.   The court provided a definition of a temporary residence: "a place where the person abides, lodges, or resides, including, but not limited to, vacation, business, or personal travel, destinations in or out of the state for a period of five or more days in the aggregate during any calendar year . . . ."   Id. at 558-59.   The jury returned a verdict of guilty.   Id. at 607; Ex. D.

Based on the above, Petitioner has not shown he is entitled to habeas relief on his claim that the trial court lacked territorial jurisdiction over the subject matter. Thus, ground one is due to be denied.

## VII.   GROUND TWO

GROUND TWO:   Ineffective assistance of counsel.

Petition at 7.

Petitioner claims his counsel was ineffective for failure to object to lack of territorial jurisdiction, claiming the violation occurred in another county.   Id.   He exhausted this claim of ineffective assistance of counsel by raising it in his Rule 3.850 motion.   Ex. RR.   The court, in reviewing the claim of ineffective assistance of trial

counsel, referenced the two-pronged <u>Strickland</u> standard.   Ex. TT at 1-2.   The court

denied the claim finding:

> During Trial, there was considerable discussion
> about the Second Count as to whether there was proper
> jurisdiction.   But the information was amended dropping
> a second count and the Defendant was properly charged for
> actions that occurred in Putnam County.   An objection
> after this would have had no merit.   Neither prong of
> <u>Strickland</u> has been met here[.]

Ex. TT at 2 (citation omitted).   The 5th DCA affirmed the decision of the trial court.

Ex. WW.

As noted above, Petitioner exhausted this ground by raising it in his Rule 3.850

motion, and the circuit court denied the motion.   The 5th DCA affirmed without an

opinion and explanation.   Ex. WW.   The Court presumes the appellate court

adjudicated the claim on its merits, as there is an absence of any indication of state-

law procedural principles to the contrary.

Pursuant to <u>Wilson</u>, it is assumed the 5th DCA adopted the reasoning of the

trial court in denying relief.   The state has not rebutted this presumption.

Accordingly, the Court concludes AEDPA deference is warranted.

Since the last adjudication is unaccompanied by an explanation, it is

Petitioner's burden to show there was no reasonable basis for the state court to deny

relief.   He has failed in this endeavor.   Thus, the Court finds the state court's

adjudication of this claim is not contrary to or an unreasonable application of

Strickland or based on an unreasonable determination of the facts.   As such, ground two is due to be denied.

As noted by Respondents, the amended information dated March 18, 2014, charged Petitioner with maintaining a permanent, temporary, or transient residence in Putnam County, Florida, and failing to report.   Ex. II, Appendix C.   The trial took place in Putnam County and concerned events which took place in Putnam County. Under these circumstances, defense counsel's performance did not fall below an objective standard of reasonableness for failure to object to lack of territorial jurisdiction as such an objection would have been futile.   Petitioner is not entitled to habeas relief on ground two.

## VIII.   GROUND FOUR

GROUND FOUR:   Ineffective assistance of counsel. Petition at 10.

Petitioner claims his counsel was ineffective for failure to object to the state's introduction and use of collateral crime evidence that became a feature of the trial. Id.   He exhausted this claim by raising it in his Rule 3.850 motion.   Ex. RR.   The court, relying on the two-pronged Strickland standard, denied the claim finding "no collateral crimes [were] introduced during trial that would have prejudiced the Defendant."   Ex. TT at 2.

Respondents contend this claim is insufficiently pled.   Response at 17. Indeed, this ground presents a rather vague and conclusory allegation, without reference to the collateral crime evidence.   Upon review of the Rule 3.850 motion,

12

Petitioner claimed his counsel failed to object to evidence "of another violation[.]" Ex. RR at 6.   However, he failed to identify the particular violation in his motion.

The record shows Petitioner exhausted this ground by raising it in his Rule 3.850 motion, and the circuit court denied relief.   The 5th DCA affirmed without an opinion and explanation.  Ex. WW.   As there is an absence of any indication of state-law procedural principles to the contrary, the Court presumes the appellate court adjudicated the claim on its merits.   The state did not rebut this presumption. Pursuant to <u>Wilson</u>, the Court assumes the 5th DCA adopted the reasoning of the trial court in denying relief.   As such, the Court applies AEDPA deference to the 5th DCA's decision.

Since the last adjudication is unaccompanied by an explanation, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief.   He has not done so; therefore, the Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts.   Thus, ground four is due to be denied.

Not only has Petitioner failed to satisfy the performance prong of <u>Strickland</u>, he has failed to show a reasonable probability that the outcome of the proceeding was negatively affected by counsel's performance.   Consequently, Petitioner has failed to satisfy the prejudice prong of <u>Strickland</u>.   Confidence in the outcome of the proceedings has not been undermined and Petitioner is not entitled to habeas relief on this ground.

## IX.   GROUND SIX

**GROUND SIX:**   Newly discovered evidence.

Petition at 12.   In this ground, Petitioner claims the state's witness, Charlie Piwowarski, committed fraud and perjury, misleading the trial court, when he stated he was Chief of Welaka.   Id.

Petitioner exhausted his state court remedies by raising this claim in his Rule 3.850 motion, and after the circuit court denied relief, appealing the matter to the 5th DCA.   The 5th DCA summarily affirmed the trial court's decision.   Ex. WW.   The state court's decision is entitled to AEDPA deference as it is not inconsistent with Supreme Court precedent, the adjudication of the claim is not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.   Giving AEDPA deference, as this Court should, the Court finds Petitioner is not entitled to habeas relief.

The state, in its response to the Rule 3.850 motion, explained that Charlie Piwowarski was Chief of Police of Welaka at the time he testified whether he had let his law enforcement certification lapse for failure to complete mandatory training or not.   Ex. SS at 4.   Additionally, the state asserted Piwowarski's lapse in certification was irrelevant and immaterial as his testimony at trial went to his actions and contacts with another witness.   Id.

The trial record shows Piwowarski testified he was currently employed as Chief of Police for Welaka.   Ex. B at 443-44.   He stated he had been employed there for fourteen years.   Id. at 444.   Primarily, he testified as to the events which took

14

place on or about June 14, 2013, when he encountered Petitioner and Christal Ross. Id. at 444-46.   Piwowarski stated the couple appeared to be loading their vehicle "as to be moving."   Id. at 445.   When Piwowarski ran the tag, he discovered Petitioner was a sexual offender.   Id.   Piwowarski turned that information over to the Sheriff's Office by contacting Sergeant Nelson.   Id. at 446.   Piwowarski testified he could not say for sure Petitioner was living there, but it appeared that Petitioner and Ms. Ross "were moving out together to another location."   Id.   On cross examination, Piwowarski said it was possible that this event occurred at a date later than June 14, 2013, but it would have occurred on the date he provided notice to Sergeant Nelson of the Sheriff's Office.[2]   Id. at 450.

The trial court denied relief finding, at the time Charlie Piwowarski testified, he was the Chief of Police.   Ex. TT at 3.   The 5th DCA affirmed.   Ex. WW.

The record shows Charlie Piwowarski let his certification lapse prior to the dates of Petitioner's trial (March 18, 2014 to March 21, 2014) (Doc. 23 at 10-12), but, apparently, Piwowarski's certification had not lapsed prior to the events surrounding his interaction with Petitioner and Ms. Ross in June, 2013.   A brief explanation follows.

The matter of lapsed certification was not addressed by the Criminal Justice Standards and Training Commission until 2016, long after Petitioner's trial.   Id. Thus, the state court's conclusion that Piwowarski was acting as Chief of Police at

---

[2]  Sergeant Robert Nelson testified that Chief Piwowarski contacted him on June 25, 2013.   Ex. B at 455, 459.

the time of his testimony was not an inaccurate statement.   It was not until January 5, 2016, that the Criminal Justice Standards and Training Commission notified Piwowarski there may be "an issue with any arrests that were made from **July 1, 2013**, to the present."[3]  Id. at 12 (emphasis added).   On January 11, 2016, the Commission notified Piwowarski, "any officer who has not completed the required continuing education or training before the mandatory training deadline shall not perform the duties of a sworn officer."  Id. at 10.  See Ex. RR, Supplemental Exhibits.

The Court finds the state court's determination is consistent with federal precedent.   The 5th DCA's decision, although unexplained, is entitled to AEDPA deference.   Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   In short, the state court's adjudication of the claim is not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.   Thus, ground six is due to be denied.

## X.   GROUND SEVEN

**GROUND SEVEN:**   Prosecutorial misconduct.

Petition at 12.

---

3  Notably, this date is after Piwowarski's contact with Petitioner and Ms. Ross in June of 2013.

In this ground, Petitioner contends the state committed a <u>Brady</u>[4] violation when the state failed to disclose court-ordered evidence favorable to Petitioner. <u>Id</u>. In his Rule 3.850 motion, Petitioner claimed:

> State committed a Brady and Giglio violation when they failed in their obligatory duty to disclose to the court and defense, as directed before Defendant's trial, the alleged caselaw authority they claimed to possess during Defendant's March 18, 2014 hearing that would support Putnam County's position to prosecute Defendant's count (1) DMV violation because the March 17, 2014 charging information alleged Hamilton County with proper jurisdiction and venue.

Ex. RR at 7.

The record shows the following. The original information, dated July 19, 2013, charges Petitioner with failure to properly register as a sexual offender in Putnam County by unlawfully failing to renew his driver's license or identification card.[5] Ex. A at 7. An amended information dated March 14, 2014, charges Petitioner with two counts, with the first count concerning failure, as a sexual offender, to properly report to the DMV in Putnam County, Florida, and the second count concerning failure, as a sexual offender, to properly register with the Sheriff of Putnam County. <u>Id</u>. at 32. An amended information dated March 17, 2014, charges Petitioner with two counts, with the first count concerning failure to properly report

---

4 <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

5 Apparently, the prosecutor amended the original information five times (information dated December 6, 2013, information dated December 20, 2013, information dated March 14, 2014, information dated March 17, 2014, and information dated March 18, 2014). Ex. K at 1 n.2. Not all of these documents are contained in the record before the Court; however, the relevant document, the March 18, 2014 information, is contained in the record. Ex. II, Appendix C.

a permanent, temporary, or transient residence in Hamilton County with the DMV, and the second count concerning failure to properly register with the Sheriff of Putnam County after establishing a permanent, temporary, or transient residence in the County of Putnam. Id. at 33.

The defense moved to dismiss the count concerning failure to properly register a permanent, temporary, or transient residence in Hamilton County for lack of venue and territorial jurisdiction. Ex. B at 48. After much discussion, the state filed an amended information, dated March 18, 2014, in which there was only one count against Petitioner "that he established, maintained a permanent, temporary, or transient residence in Putnam County Florida, and knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles, within 48 hours after any change in his permanent, temporary, or transient residence[.]" Ex. II, Appendix C. Thus, the state dropped the count concerning establishing a residence in Hamilton County and also dropped the second count concerning failure to register with the Sheriff's Office in Putnam County.

Petitioner exhausted ground seven in the state-court system and the circuit court denied relief. In denying this ground, the court explained: "[h]ere the Court agrees [with the state] after a review that the State dropped count two during trial. Once the State amended the two count information dismissing the second count, this issue would [have] been moot."[6] The 5th DCA affirmed. Ex. WW.

_____

[6] Petitioner, in his Memorandum, asserts the trial court's order denying the Rule 3.850 motion is in error because the count at issue in this claim is count one, the Hamilton County count, not count two

18

The decision of the 5th DCA is entitled to AEDPA deference.  This Court will "look through" the unexplained decision of the 5th DCA to the circuit court's decision denying post-conviction relief, assuming the unexplained decision adopted the same reasoning as the circuit court.  This Court presumes the 5th DCA adjudicated the claim on its merits, as there is an absence of any indication of state-law procedural principles to the contrary.  Since the last adjudication is unaccompanied by an explanation, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief.  He has failed to do so.  The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.

Alternatively, Petitioner is not entitled to relief on this ground.  The record shows the state dropped the "Hamilton County" count.  Thus, the issue became moot.  The information upon which Petitioner was tried only concerned events which allegedly occurred in Putnam County.  Therefore, Petitioner is not entitled to habeas relief on this ground.

## XI.   GROUND EIGHT

**GROUND EIGHT:**   Prosecutorial misconduct.

---

as stated in the state's response to the Rule 3.850 motion and the trial court's order.  Memorandum at 19.   The trial court's statement in the order denying post-conviction relief may be somewhat confusing or not entirely complete, as the state did drop count two, but it also amended count one, amending the information to raise one count charging Petitioner with failure to properly report to the DMV that he had established a permanent, temporary, or transient residence in Putnam County, not Hamilton County.   Thus, upon amendment of the information, the matter became moot. As such, the conclusion remains the same; the matter became moot upon amendment and Petitioner is not entitled to habeas relief.

Petition at 12.

Petitioner complains in this ground that the Assistant State Attorney, Alexander Sharp, committed fraud upon the court "by intentionally suppressing false evidence without correcting the record" and "filing fraudulent charging documents" with the court. Id. Petitioner exhausted this ground by raising it in his Rule 3.850 motion and appealing the denial of the motion to the 5th DCA. The 5th DCA per curiam affirmed the denial of the motion. Ex. WW.

The trial court addressed Petitioner's post-conviction claim that the prosecutor committed fraud upon the court "over a jurisdiction." Ex. TT at 3. In denying this ground, the court found, "the State ultimately charged the Defendant with [an offense that] was based on matters that occurred in Putnam County as referenced in the Amended Information." Id.

The Court is convinced that fair-minded jurists could agree with the decision of the state court. Thus, the 5th DCA's decision is entitled to AEDPA deference. The Court finds the decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of this claim is not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts. Alternatively, Petitioner is not entitled to relief on this claim. Petitioner was tried on the count concerning events in Putnam County and was not subjected to a deprivation of his constitutional rights.

## XII.   GROUND TEN

**GROUND TEN:**   Ineffective assistance of counsel.

Petition at 12.

In ground ten, Petitioner claims his trial counsel was ineffective for failure to object to the state's final charging information as counsel was aware that the information was "the product of deceit, deception or collusion."   Id.   Upon review, Petitioner raised the following claim in his Rule 3.850 motion: "[c]ounsel proved ineffective for failing to object to the state's final charging information that now alleged illegal jurisdiction and venue for Defendant's DMV violation when counsel knew that the amended document was the product of deceit, deception or collusion[.]" Ex. RR at 7.   The trial court rejected this claim finding, "the Amended Information contained proper venue and jurisdiction."   Ex. TT at 3.   The court opined that an objection by counsel would have been meritless.   Id.   Finding neither deficient performance nor prejudice, the Court concluded Petitioner failed to satisfy the two-pronged Strickland test for obtaining relief on a claim of ineffective assistance of counsel.   Id.   The 5th DCA affirmed.   Ex. WW.

The Eleventh Circuit recently noted,

> because "[t]he standards created by Strickland and §
> 2254(d) are both 'highly deferential,' . . . when the two
> apply in tandem, review is 'doubly' so.   Harrington [v.
> Richter, 562 U.S. 86, 105 (2011)] (internal citations and
> quotation omitted).   Thus, under § 2254(d), "the question
> is not whether counsel's actions were reasonable.   The
> question is whether there is any reasonable argument that
> counsel satisfied Strickland's deferential standard."   Id.

Tuomi v. Sec'y, Fla. Dep't of Corr., No. 17-14373, 2020 WL 6686696, at *4 (11th Cir. Nov. 13, 2020).

In denying post-conviction relief, the trial court properly applied the two-pronged Strickland standard of review.   The court found any objection would have been found to be without merit.   As such, "counsel cannot be deemed ineffective." Newton v. Sec'y, Dep't of Corr., No. 8:17-cv-65-T-02CPT, 2019 WL 5084161, at *6 (M.D. Fla. Oct. 10, 2019) (citing Hitchcock v. State, 991 So.2d 337, 361 (Fla. 2008) (finding counsel cannot be deemed ineffective for failure to make a meritless objection)).

Petitioner's failure to establish either prong of the Strickland standard is fatal to Petitioner's claim of ineffective assistance of counsel.   Also, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected this claim based on Strickland.   Further, Petitioner has not shown the state court unreasonably applied Strickland or unreasonably determined the facts.   Indeed, upon review, the state court was objectively reasonable in its Strickland inquiry.   As such, Petitioner is not entitled to habeas relief.

Petitioner has failed to establish the state court decision of the 5th DCA was contrary to or an unreasonable application of federal law, nor that there was an unreasonable determination of the facts.   Therefore, deference is due to the 5th DCA's decision.   As such, this ground is denied.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.   This action is **DISMISSED WITH PREJUDICE**.

3.      The **Clerk** shall enter judgment accordingly and close this case.

4.      If Petitioner appeals the denial of his Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[7]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this **3rd** day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE

sa 12/1
c:
James Robert Hope
Counsel of Record

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.